UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
DARRIEN MARK BAILEY,
441-1009-693,
                         Plaintiff,

-against-                                         MEMORANDUM
                                                  AND ORDER
DEPT. OF CORRECTIONS,                    10-CV-4349 (CBA)

                        Defendant.
----------------------------------------------------------X
AMON, United States District Judge:

On October 20, 2010, plaintiff, currently incarcerated at the Anna M. Kross Center at the Rikers Island Correctional Facility, filed this *pro se* action alleging that he was injured playing basketball in the recreation yard on October 8, 2010. Plaintiff seeks damages. Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) is granted. For the reasons discussed below, while the complaint as currently stated fails to state a claim on which relief may be granted, plaintiff is granted 30 days leave to file an amended complaint.

**I. Standard of Review**

Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A. Upon review, a district court shall dismiss a prisoner's complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." *Id.*; *Liner v. Goord*, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that under PLRA, *sua sponte* dismissal of frivolous prisoner complaints is not only permitted but mandatory); *see also Tapia-*

*Ortiz v. Winter*, 185 F.3d 8, 11 (2d Cir. 1999). Further, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

Since plaintiff is proceeding *pro se*, his complaint is held to less stringent standards than pleadings drafted by lawyers, *Erickson v. Pardus*, 551 U.S. 89 (2007), and the Court is obligated to construe his pleadings liberally and interpret plaintiff's pleadings as raising the strongest arguments they suggest. *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006). Thus, if a liberal reading of the complaint "gives any indication that a valid claim might be stated," this Court must grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999).

## II. Background

Plaintiff states that on October 8, 2010 he was playing basketball during his recreation period while housed at Anna M. Kross Center on Rikers Island. As he "attempted to dunk the ball," the "rusty" pole supporting the backboard and rim "snapped." Complaint, Statement of Claim, at ¶ IV. He alleges that the backboard and rim fell on his shoulder and injured his neck and back. *Id.* He states that he is currently wearing a sling, was given a morphine shot, and is waiting to see "the specialist for his neck and back injuries." Complaint at ¶ V. Plaintiff submitted the instant complaint to prison authorities for mailing five days after the incident occurred—that is, on October 13, 2010.

## III. Discussion

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. In order to maintain a claim under 42 U.S.C. §1983, plaintiff must allege that (1) "the conduct complained of must have been

committed by a person acting under color of state law," and (2) "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States. *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994). None of the allegations contained in the instant complaint allege a constitutional violation.

To the extent that plaintiff seeks relief based on the negligent maintenance of the jail's basketball equipment, he has failed to state a claim under 42 U.S.C. § 1983. A negligent act of an official causing injury to life, liberty or property does not violate the United States Constitution. Absent sufficient factual allegations that the intentional or reckless conduct of a state official caused the plaintiff's injury, a complaint is not cognizable under § 1983. *Daniels v. Williams*, 474 U.S. 327, 328-31 (1986); *Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986). Conduct which is merely negligent cannot constitute a constitutional violation. *Salim v. Proulx*, 93 F.3d 86, 92 (2d Cir. 1996). Plaintiff does not allege that defendant acted with the requisite intent to sustain the complaint. Plaintiff sets forth no allegations in his complaint which would give rise to an inference that prison officials at Rikers Island acted recklessly or intentionally. Thus, the negligence claim is dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(ii);1915A.

Moreover, the New York City Department of Correction is not a proper party to this § 1983 action. It has been widely held that agencies of the City of New York cannot be sued independently under § 1983. *See, e.g., Bailey v. New York City Police Dep't*, 910 F. Supp. 116, 117 (E.D.N.Y. 1996) (citing New York City Charter, Chapter 17, § 396, which provides that "all actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not that of any agency"); *Signorile v. City of New York*, 887 F. Supp. 403, 421-22 (E.D.N.Y. 1995) (the New York City Police Department is not a proper

party under § 1983); *Lauro v. Charles*, 219 F.3d 202, 205 n.2 (2d Cir. 2000). Thus, to the extent plaintiff seeks to name the New York City Department of Correction as a defendant, the claim is dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(ii);1915A.

Finally, even if plaintiff's complaint were liberally construed as alleging the deprivation of adequate medical care while detained at Rikers Island, he fails to state a claim on which relief may be granted. *See Estelle v. Gamble*, 429 U.S. 97, 104, 106 & n. 14 (1976); *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998) ("Negligence, even if it constitutes medical malpractice, does not, without more, engender a constitutional claim."). Plaintiff states that within five days of the incident, he has received medical care and that he is "waiting to see the specialist" for treatment of his neck and back injuries. However, in an abundance of caution, and since it is unclear from the complaint whether plaintiff is seeking to raise the issue of his medical care, plaintiff is afforded an opportunity to amend his complaint.

### IV. Leave to Amend

While the complaint fails to state a claim on which relief may be granted, plaintiff is afforded thirty days to submit an amended complaint to identify any government actors and his claims against them. *See* Fed. R. Civ. P. 8. If plaintiff cannot identify a defendant by name, he should describe him or her physically and provide any other identifying information such as the agency with which she or he works. Plaintiff must state facts which support an allegation of deliberate indifference to serious medical needs against each defendant. While pleading these facts, plaintiff should specify what each individual defendant did or failed to do. Plaintiff is reminded that it is important to link the defendants named in the caption to the events described in the body of the complaint.

4

## V. Conclusion

Accordingly, the complaint is dismissed for failure to state a claim against the Department of Corrections. 28 U.S.C. § 1915A(b). No summons will issue at this time and all further proceedings will be stayed for thirty days or until plaintiff has complied with this Order.

However, plaintiff is afforded thirty (30) days to file an amended complaint. Should plaintiff decide to file an amended complaint, it must be submitted within thirty days of this Order, be captioned "Amended Complaint," and bear the same docket number as this Order. Plaintiff is advised that the amended complaint will completely replace the original complaint. If plaintiff fails to comply with this Order within the time allowed, the complaint shall be dismissed for failure to state a claim on which relief may be granted, 28 U.S.C. §§ 1915(e)(2)(B)(ii);1915A, and judgment will enter. If submitted, the amended complaint will be reviewed for compliance with this Order and for sufficiency under 28 U.S.C. § 1915A. The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

s/Carol Bagley Amon

Carol Bagley Amon
United States District Judge

Dated: Brooklyn, New York
November 5, 2010

5